**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **COURTNEY SCOTT,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-11-540-R |
| ) | |
| **SGT. RITTER, in his personal** ) | |
| **and official capacities; BRIAN** ) | |
| **GANTZ, in his personal and official** ) | |
| **capacities; JONATHAN HONAN,** ) | |
| **in his personal and official capacities;** ) | |
| **and BRITANY, in her personal and** ) | |
| **official capacities,** ) | |
| ) | |
|     **Defendants.** ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review. On February 2, 2012, Judge Bacharach issued a Report and Recommendation wherein he recommended that the request for dismissal or summary judgment filed by Defendants Ritter and Honan be granted. Plaintiff has objected to the February 2, 2012 Report and Recommendation. Judge Bacharach issued a second Report and Recommendation on February 14, 2012, recommending dismissal without prejudice of Plaintiff's claims against Defendants Gantz and Britany for failure to timely serve process as required by Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has not filed an objection to the Report and Recommendation within the time limits prescribed, nor has he sought an extension of time to object or an

extension of time in which to effect service. Accordingly, the Report and Recommendation issued on February 14, 2012, is hereby adopted in its entirety, and Plaintiff's claims against Defendants Gantz and Britany are dismissed without prejudice. The Court's consideration of this matter is limited to the February 2, 2012 Report and Recommendation and to Plaintiff's specific objections thereto[1] See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

Judge Bacharach recommended that Plaintiff's claims for damages against Defendants Honan and Ritter in their official capacities be dismissed because they are entitled to Eleventh Amendment immunity. He further recommended that summary judgment be granted in favor of Defendant Ritter with regard to Plaintiff's claim for wrongful confiscation and discarding or destruction of Plaintiff's radio, because Plaintiff either failed to exhaust administrative remedies or to present evidence of a denial of due process in light of the availability of post-deprivation remedies. With regard to Plaintiff's claims for deprivation of food, Judge Bacharach recommended the claim be dismissed against both Defendants because Plaintiff failed to state a claim in light of his allegation that he was denied lunch on a single day.

In response to the February 2, 2012 Report and Recommendation Plaintiff takes issue with Judge Bacharach's conclusion that he did not exhaust his administrative remedies with regard to deprivation of his radio. Plaintiff, however, did not challenge Judge Bacharach's

---

[1] Further review of all issues not addressed in Petitioner's objection, including ineffective assistance of counsel, is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991); *see also United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996).

conclusion that "[a]s a matter of law, the claim is also invalid because Mr. Scott obtained due process for the alleged confiscation of his radio." Report and Recommendation, p. 7. Accordingly, the Court need not consider the merits of Plaintiff's objection, because even if the Court agrees that Plaintiff exhausted the available administrative remedies, he does not, and now cannot, challenge the conclusion that he received due process.

For the reasons set forth herein, the February 2, 2012 Report and Recommendation is ADOPTED with regard to its recommendation that the official capacity claims against Defendants be dismissed. The Court further adopts the conclusion that Plaintiff received due process with regard to his radio, and that Plaintiff's Eighth Amendment claim be dismissed for failure to state a claim. The Court adopts the February 14, 2012 Report and Recommendation in its entirety in light of Plaintiff's failure to file an objection thereto, and the claims against Defendants Brian Gantz and Brittany are hereby dismissed without prejudice.

IT IS SO ORDERED this 7th day of March 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE